## CARR vs. VERMUELE.

*Third Judicial District Court, March, 1857.*

HOMESTEAD—PURCHASE MONEY.

If the mortgagee advances money to the mortgagor for the express purpose of releasing or cancelling a prior mortgage made for the purchase money of the property, this mortgagee becomes subrogated to the equities of the mortgagee whose lien has been extinguished, and this second mortgage is regarded as given for the original purchase money.

*Wallace & Rhodes,* for plaintiff.

*Vorris & Archis,* for defendant.

The facts are fully set forth in the opinion.

HESTER, J.—The facts of this case are briefly these: Potter and wife were seized of a lot of ground in the city of San Jose, in trust for one Gordon, who sold the same to Vermuele, the husband of the defendant, and obtained from him a mortgage thereof to secure the payment of the purchase money. Upon failure to pay the purchase money the mortgage was foreclosed and the lot decreed to be sold to pay the lien. Vermuele, by his agent, before the day fixed for the sale, negotiated a loan of money with the complainant to pay said debt and for other purposes, for the whole of which the complainant was to be secured by a mortgage upon said lot, the complainant having been informed of the intended application of said money. On the same day and just before the intended sale by the officer, the money was procured ($1200) by Vermuele, who applied $736 of which in discharge of said decree. On the same day, and immediately after the payment of said decree, (being the 1st day of March, 1855,) pursuant to agreement Vermuele made to plaintiff the mortgage on which this suit is brought, his wife, the defendant, residing in this State, but not joining him therein. Afterwards Vermuele died, leaving the defendant, his widow, who defends against the decree for the sale of the mortgaged lot, on the ground that it is her homestead.

The plaintiff claims to have so much of the lot sold as shall be necessary to make the amount of money applied to said Gordon mortgage,

and interest thereon. The plaintiff presented his claim in due form of law to the Administrator of the estate of Vermuele, obtained an endorsement of its allowance, but which was rejected by the Probate Judge.

1. The plaintiff contended that in equity, as his money was procured from him to discharge the Gordon mortgage, he should be treated as Gordon's assignee, and be substituted to the same rights of Gordon as mortgagee.

There is much plausibility in this position. In 1 Hilliard on Real Estate, p. 144, it is stated : " A Court of equity will keep an incumbrance alive, or consider it extinguished, as will best serve the purposes of justice, and the actual and just intention of the party. It will sometimes hold a charge extinguished where it would subsist at law ; and sometimes preserve it, where at law it would be merged."

In 1 N. H. Rep., 167, Marsh vs. Rice, cited by 1 Hilliard p. 445, approvingly, it is decided that where A mortgaged land to B and C who permitted a sale of it to pay D's debt against A, (to make which an execution had issued,) under an agreement that said mortgage was first to be satisfied, the land was sold to E, who paid the mortgage debt, and the residue of the proceeds he paid to D ; A conveyed all his right to the land to E. Held that the effect of the transaction was to make E the assignee of B and C, and that the land was not liable to D unless he paid the mortgage debt to E. This case is very similar to the one before the Court. E is the purchaser of A, and in the case before the Court, is the mortgagee of Vermuele, and both entitled to the same equities. In the case cited, E purchased and paid the mortgage voluntarily ; in the present case Carr advanced the money to pay the mortgage, with an agreement with Vermuele that he (Carr) was to be the mortgagee. If Carr had purchased the lot from Vermuele the cases would have been similar. The mortgagee sustains the same relation, under the circumstances of this case, as a purchaser, where the application of the money is the same, to wit, the extinguishment of a previous mortgage, the validity of which being unaffected by the homestead. The loaning of the money to pay the mortgage debt, its payment, and the making of the mortgage, are considered as simultaneous acts, and to constitute but one transaction.

Therefore, if Carr's money was applied to the extinguishment of the

mortgage; he should be treated in equity as the assignee of the equitable interest of Gordon, to whose mortgage the homestead did not attach. See, also, 1 Hilliard, p. 106.

2. A fair construction of the Homestead Act prevents, under the circumstances of this case, the right of homestead from attaching.

The second section of that act contains exceptions to the right of homestead:

1st. Mechanic's, laborer's, or vendor's lien.

2d. Where a mortgage or conveyance of land was lawfully obtained, such mortgage or conveyance to be lawful, if made by a married man, must have the joint signatures thereto of the husband and wife, and acknowledged according to law. The exceptions to this qualification of a lawful mortgage are the following:

1st. Where the wife was not a resident of the State at the time of making the deed.

2d. Where the deed was made before the land became the homestead of the debtor.

3d. Where the mortgage was made to secure the payment of the purchase money.

The object of the Legislature in this enactment was evidently to prevent the right of homestead from attaching to property only to the extent of the debtor's interest therein, and was not intended to be auxiliary to any species of swindling. At the time and before the payment of the money, when the officer was about selling the property to pay Gordon's decree, Vermuele had the right to obtain from Gordon an extension of time as to the payment of the decree, or make a new mortgage for the same debt, without the homestead right attaching; all this upon the ground that the lot was not paid for, and being to secure the purchase money under said third section. And if he could make such an arrangement with Gordon, he could with the plaintiff, without being effected with the homestead right. Either acts upon the consideration money, the signature of the wife of a mortgagee to secure which is not necessary. This view of the statute gives the husband power over the consideration money, of which the statute never intended to deprive him, and prevents a chicanery to which failing debtors frequently resort. The facts of this case place Carr within the third exception, the mortgage being to secure the purchase money.

It is, therefore, the opinion of the court that the plaintiff is entitled to a decree for the sale of so much of the mortgaged premises as shall be necessary to pay said money applied as aforesaid to said Gordon decree and interest thereon.